David Lopez, Esq.  (DL-6779)
LAW OFFICES OF DAVID LOPEZ
171 Edge of Woods Rd. | P.O. Box 323
Southampton NY 11969-0323
631.287.5520 | DavidLopezEsq@aol.com

Miriam Tauber, Esq. (MT-1979)
885 Park Ave. # 2A
New York NY 10075
323-790-4881 | MiriamTauberLaw@gmail.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORAH DONOGHUE,<br><br>Plaintiff,<br><br>v.<br><br>TAYLOR DEVICES, INC.,<br><br>Nominal Defendant,<br><br>and<br><br>IRA SOCHET,<br><br>Defendant. | No. 20-4099<br>(ECF Case)<br><br>**COMPLAINT**<br>**FOR RECOVERY OF**<br>**SHORT SWING PROFITS**<br>**UNDER 15 U.S.C. § 78p(b)**<br><br>**JURY TRIAL DEMANDED** |

**THE PLAINTIFF**, by David Lopez, Esq., and Miriam Tauber, Esq., her attorneys, complaining of the Defendant, respectfully alleges the following upon information and belief, except as to Paragraph 2 which Plaintiff alleges on personal knowledge:

**JURISDICTION:**

1. This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "ACT"), 15 U.S.C. Section 78p(b), and jurisdiction is conferred upon this court by Section 27 of the Act, 15 U.S.C. §78aa.

1

**THE PARTIES AND VENUE:**

2. Plaintiff is a security owner of TAYLOR DEVICES INC. ("TAYLOR"). TAYLOR is a New York corporation with principal offices and domicile at 90 Taylor Drive, North Tonawanda, New York 14120.

3. At all times relevant the common stock of TAYLOR was registered under Section 12(g) of the ACT and was and is traded through the facilities of the NASDAQ Capital Markets Automated Quotations Stock Market, located within this district conferring venue upon this court.

4. This action is brought in the right and for the benefit of TAYLOR which is named as a nominal party defendant solely in order to have all necessary parties before the court.

5. At all times relevant IRA SOCHET ("SOCHET"), was a more than 10% beneficial owner of TAYLOR and thereby a so-called 'insider' as that term is understood within the meaning of Section 16(b) of the ACT.

6. SOCHET resides, has an office or is found at 24 North Pine Circle, Belleair, Florida 33756.

**STATUTORY REQUISITES:**

7. The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by a non-exempt person within the meaning of the ACT.

8. Demand for prosecution was made on TAYLOR on March 27, 2020. More than 60 days have expired. By letter dated May 11, 2020, and further correspondence thereafter, legal counsel to TAYLOR has denied that any liability exists and has indicated that TAYLOR will not act to recover any of the profits at issue. Further delay in the initiation of suit would be a futile gesture.

9. This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports required by 15 U.S.C 78p(a), Section 16(a) of the ACT, setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission.

**FIRST CLAIM FOR RELIEF:**

10. SOCHET purchased 1,534 shares of TAYLOR common stock on the open market on March 11, 2020, and an additional 150,000 shares on March 13, 2020.

11. SOCHET sold 155,720 shares of TAYLOR common stock on the open market at higher prices on March 13, 2020.

12. The foregoing purchases and sale within periods of less than six months while SOCHET was an insider of TAYLOR generated recoverable profits under Section 16(b) of the ACT in an amount unknown to Plaintiff but estimated to approximate $39,000.00. The precise amount to be recovered will be determined through discovery and an accounting.

**SECOND CLAIM FOR RELIEF:**

13. This Second Claim for Relief is a precaution against possible errors of detail attributable to inaccuracies in the public record or the discovery of additional trades during the course of this action.

14. SOCHET, acting during periods not barred by the statute of limitations measured from the date of the filing of this complaint, purchased and sold, or sold and purchased, equity securities or equity security equivalents of TAYLOR within periods of less than six months of each other while an insider of TAYLOR including but not limited to the transactions pleaded in the First Claim for Relief.

15. By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months of one another while an insider of TAYLOR, SOCHET realized profits, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit, and are recoverable by Plaintiff on behalf, of TAYLOR.

**WHEREFORE**, Plaintiff demands judgment:

a) Requiring SOCHET to account for and to pay over to TAYLOR the short-swing profits realized and retained by him in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b) Awarding to Plaintiff her costs and disbursements including reasonable attorneys', accountants and expert witness fees; and

c) Granting to Plaintiff such other and further relief as the court may deem just and proper.

Dated: Southampton, NY
May 28, 2020

Yours, etc.

*s/ David Lopez*
_____
David Lopez (DL-6779)

*s/ Miriam Tauber*
_____
Miriam Tauber (MT-1979)

*Attorneys for Plaintiff*
*Deborah Donoghue*